COMMONWEALTH *vs.* JOHN W. BRYAN.

Norfolk.    February 4, 1889. — February 6, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence.*

At the trial of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping and maintaining a common nuisance, there was evidence that the defendant and one H. were in the kitchen of a dwelling-house, the tenement in question, where the defendant had lived for many years; that the defendant, upon being asked for lager beer and furnished with money, left the room and presently returned with such beer, which the one asking for it drank; that other intoxicating liquors were sold on the premises during the time alleged by the defendant, or by H., "or some other man who worked on the place"; and that the defendant, after denying that he so kept or maintained the premises, admitted that, after having been convicted previously of the same offence, he had sold them for a nominal consideration and taken a mortgage back, the buyer living in the upper portion of the house and the defendant and H. in the lower portion; and the defendant did not call the buyer or H. as witnesses. *Held,* that there was evidence that the defendant kept and maintained the nuisance, and that the case was properly submitted to the jury.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Randolph used for the illegal sale and illegal keeping for sale of intoxicating liquors, from August 1, 1887, to February 8, 1888.

At the trial in the Superior Court, on appeal, before *Sherman,* J., there was evidence that the defendant, on February 7, 1888, while with one Hawes in the kitchen of a dwelling-house in which he had lived for eighteen or twenty years, which house was the tenement in question, told a person who asked him for some beer that he would get him some; that the defendant,

upon money being given him by such person, went out of the room and returned in a short time with six bottles of lager beer, which such person and another drank in the kitchen ; that on November, 1887, a pint of rum was sold on the premises by the defendant, or by Hawes, while the defendant was on the premises ; that intoxicating liquors were obtained on the premises twice, during the time covered by the complaint, of said Hawes or some other man who worked on the place.

The defendant, on cross-examination, admitted that he had owned the premises for about eighteen years ; that he had been convicted of keeping a common nuisance on the premises a few years before, and that he had since sold the same to one Fitzgerald for one dollar and other valuable considerations, and taken a mortgage back; that Fitzgerald lived up stairs and Hawes down stairs, and that Hawes had no wife or housekeeper, and that for a part of the time covered by the complaint he lived down stairs alone, taking his meals with Fitzgerald. The defendant did not call Hawes or Fitzgerald as witnesses.

The defendant asked the judge to rule that the government had not offered sufficient evidence, or any evidence to warrant a verdict of guilty ; but the judge refused so to rule, and submitted the case to the jury under instructions, not objected to.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. There was evidence tending to show that the defendant kept and maintained the tenement described in the complaint and used it for the illegal sale of intoxicating liquors, and the case was properly submitted to the jury.

*Exceptions overruled.*